UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GORDON OWEN MILLER,<br><br>Defendant. | No. 2:15-cr-00081-DC-AC-2<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING THE PENDING 28 U.S.C. § 2255 MOTION<br><br>(Doc. Nos. 196, 211) |

Defendant-Movant Gordon Owen Miller is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 196.) In his motion, which Defendant filed on June 3, 2022, Defendant presents a single claim for relief, asserting he received ineffective assistance of counsel from his trial attorney. (*Id.* at 4.) On June 6, 2022, the court directed the Clerk of the Court to assign a magistrate judge to review the pending motion. (Doc. No. 197.) On December 27, 2023, the government filed an opposition to Defendant's pending § 2255 motion. (Doc. No. 208.) Defendant did not file a reply thereto.[1]

On November 25, 2024, the assigned magistrate judge issued findings and recommendations recommending that Defendant's pending § 2255 motion be summarily denied because defendant failed to demonstrate that he received ineffective assistance from his trial

---

[1] On October 17, 2024, the case was reassigned to the undersigned district judge. (Doc. No. 210.)

1

counsel. (Doc. No. 211 at 5–10.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service and that any response to objections be filed within fourteen (14) days of service of those objections. (*Id.* at 10–11.) No objection to the pending findings and recommendations has been filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, Defendant has failed to make the required showing.

For these reasons:

1. The findings and recommendations issued on November 25, 2024 (Doc. No. 211) are adopted in full;
2. Defendant Gordon Owen Miller's motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 196) is denied;
3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

/////

/////

/////

4. The Clerk of the Court is directed to close this case as well as the companion civil case No. 2:22-cv-00981-DC-AC.

IT IS SO ORDERED.

Dated: **February 18, 2025**

                                           Dena Coggins
                                           United States District Judge